UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NORFOLK SOUTHERN RAILWAY CO.,

    Plaintiff,

  v.                                             CAUSE NO. 3:19-CV-435 DRL-MGG

SMOCK, INC. *et al.*,

    Defendants.

## OPINION & ORDER

Norfolk Southern Railway Company filed this negligence claim against both Smoker Craft, Inc. and Smock, Inc., alleging that their employee caused a collision between its train and his semitruck and trailer. Smoker Craft filed counterclaims against Norfolk for its allegedly unsafe railroad crossing. When Norfolk answered the counterclaims, the railroad company asserted nonparty defenses. Smoker Craft reacted by amending its counterclaim to add claims against new parties, including the Town of Leesburg and Kosciusko County, calling them at times nonparties and at times counter-defendants.

Kosciusko County filed a motion to dismiss Smoker Craft's amended counterclaim arguing that the county could not be joined as a party via counterclaim and that Smoker Craft had no indemnity or contribution right to justify reclassifying the pleading as a third-party complaint. Because Federal Rule of Civil Procedure 13(h) permits the joinder of Kosciusko County through an amended counterclaim, and because Smoker Craft concedes that it wants to assert only a direct negligence action against Kosciusko County, the court denies the motion to dismiss but orders Smoker Craft to amend.

## BACKGROUND

Norfolk filed its negligence action against Smock and Smoker Craft on June 6, 2019. Smock is a freight shipper and trucking company based in New Paris, Indiana. Smoker Craft is a boat manufacturer in New Paris, Indiana.

Norfolk alleges that on May 16, 2018, Charles Cloud—employed by Smock, Smoker Craft, or both—drove a semi-tractor towing a "Lowboy" trailer loaded with three pontoon boats and three outboard motors owned by Smoker Craft. While en route to his intended destination, he was diverted due to construction by the Indiana Department of Transportation (INDOT). He didn't follow the INDOT-recommended detour. Instead, he drove his truck over the Van Buren Street railroad crossing and bottomed out the trailer.

While stuck on the tracks, he exited the vehicle and called 911. He allegedly didn't call Norfolk's direct emergency telephone number posted on the crossing's gate mechanisms. Several minutes later, a southbound Norfolk train (two locomotives and 64 railcars) struck the trailer. The original complaint and amended counterclaim present competing views on who bears responsibility for the collision and property damage.

Aside from asserting claims against Norfolk, Smoker Craft's amended counterclaim joined as new parties the Town of Leesburg and Kosciusko County. Albeit obliquely phrased, the boat manufacturer seems to allege that the town and county had authority over the roadway adjacent to the railroad crossing and negligently failed to maintain or construct the subject roadway or crossing. The Town of Leesburg answered the amended counterclaim earlier this year. Kosciusko County moved to dismiss the amended counterclaim. The motion has become ripe after briefing from other parties.

## STANDARD

Under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face and more than just speculative. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). A plaintiff's claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

The purpose of pleading is to facilitate a proper decision on the merits. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Conley v. Gibson*, 355 U.S. 41, 48 (1957). "The liberal pleading policy in the [federal rules] prevents dismissal of a meritorious action for purely formal or technical reasons." *Murphy v. White Hen Pantry Co.*, 691 F.2d 350, 353 (7th Cir. 1982). Hence, misjoinder of parties isn't a basis to dismiss an action. Fed. R. Civ. P. 21. Instead, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party," or sever a claim. *Id.*

Kosciusko County argues that a counterclaim is an inappropriate vehicle to assert claims against new nonparties. It cites *New Albany Residential, Inc. v. Hupp*, 872 N.E.2d 627, 631 (Ind. Ct. App. 2007), but this case interprets state procedure, not federal procedure. In turn, Smoker Craft argues that it can add nonparties in a counterclaim (or third-party complaint) because Indiana Code § 34-51-2-16 authorizes it. That statute permits a claimant to add a nonparty as an "additional defendant" certainly, but the statute leaves silent and thus to federal procedure what kind of defendant. *See* 28 U.S.C. § 2072; *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 407-08 (2010).

Dusting off the federal rules a bit more avoids any further derailment. Rule 13 permits a counterclaim, whether compulsory or permissive, against an "opposing party." Fed. R. Civ. P. 13(a, b). "'Opposing parties' . . . are parties that formally oppose each other on a pleaded claim, such as plaintiffs and original defendants, or third-party plaintiffs and the third-party defendants they have joined." *Earle M. Jorgenson Co. v. T.I. United States, Ltd.*, 133 F.R.D. 472, 475 (E.D. Pa. 1991). Kosciusko

County presumes that it must have been the original "opposing party" (a plaintiff) to face a counterclaim, but that position ignores Rule 13(h) as applied to this case.

Rule 13(h) expressly allows a counterclaimant to join additional parties so long as appropriate under Rules 19 or 20. Kosciusko County neither cites Rule 13(h) nor explains why Smoker Craft's counterclaim fails to meet Rules 19 or 20. In this scenario, a counterclaimant must name at least one "opposing party" to fit within Rule 13 and cannot add a party over whom the court lacks jurisdiction. *See* Fed. R. Civ. P. 13(a)(1)(B); *Asset Allocation & Mgmt. Co. v. W. Emp'rs Ins. Co.,* 892 F.2d 566, 574 (7th Cir. 1989) ("Nor is it material that the counterclaim named additional parties, besides [the plaintiff's] three partners, as counterclaim defendants. Rule 13(h) allowed them to be joined pursuant to Rule 20(a)."). Smoker Craft asserted a compulsory counterclaim against one opposing party (the railroad company), and Kosciusko County hasn't argued that the court lacks jurisdiction over any added party, including the county.

Courts typically "have construed subdivision (h) liberally in an effort to avoid multiplicity of litigation, minimize the circuity of actions, and foster judicial economy." Wright & Miller, 6 FED. PRAC. & PROC. CIV. § 1434 (3d ed. 2020). In short, "the main purpose of Rule 13(h) is to dispose of an action in its entirety and to grant complete relief to all the concerned parties." *Id.* The counterclaim cannot be asserted only against nonparties, but must include at least one existing opposing party, as here. *See AllTech Communs., LLC v. Brothers*, 601 F. Supp. 2d 1255, 1260 (N.D. Okla. 2008) ("The weight of authority holds that Rule 13(h) cannot be used to assert a counterclaim or crossclaim solely against an unnamed party."); *see also United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins., Co.*, 265 F.R.D. 266, 269-70 (E.D. La. 2010); *Microsoft Corp. v. Ion Techs. Corp.*, 484 F. Supp. 2d 955, 965 (D. Minn. 2007); Wright & Miller, 6 FED. PRAC. & PROC. CIV. § 1435 (3d ed. 2020).

For instance, in *Indep. Tube Corp. v. Copperweld Corp.,* 74 F.R.D. 462, 465 (N.D. Ill. 1977), the district court decided whether a defendant needed to file a motion to add a nonparty as a counter-

defendant to its counterclaim. "Addition of parties to counterclaims is governed by Rule 13(h) of the Federal Rules of Civil Procedure." *Id.* First, the court determined whether the defendant's counterclaim was within its jurisdiction. To do so, the court analyzed the counterclaim to see if it was either compulsory or permissive. "Rule 13(a) states that a counterclaim against an opposing party is compulsory . . . 'if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.'" *Id.* (quoting Fed. R. Civ. P. 13(a)). When a counterclaim is compulsory, a federal court may exercise supplemental jurisdiction. *See Baker v. Gold Seal Liquors, Inc.,* 417 U.S. 467, 469 n.1 (1974); *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 633 (3d Cir. 1961).

Second, the district court considered whether the requirements for joinder under Rule 20 were met. The court found that the claims against the defendant and the proposed counter-defendant arose from the same series of transactions or occurrences qualifying it as a permissive joinder under Rule 20. "Since we find the counterclaim asserted by [the defendant] compulsory within Rule 13(a) and the joinder of [the nonparty] permitted under Rule 13(h), we hold that [the nonparty] should be joined as a counterdefendant to [the defendant's] counterclaim. Addition of [the nonparty] as a party to the counterclaim serves the purpose of judicial economy—avoidance of retrial of issues and multiplicity of suits—embodied in Federal Rule 13(h)." *Indep. Tube,* 74 F.R.D. at 468.

Likewise, Smoker Craft has asserted a compulsory counterclaim against one original opposing party (Norfolk). All claims within this case involve the collision between Norfolk's train and the "Lowboy" trailer stuck on the tracks. Smoker Craft's amended counterclaim seeks damages against Norfolk for the "dangerous and unsafe condition[s]" at the Van Buren Street railroad crossing. The boat manufacturer seeks recovery from Norfolk, Kosciusko County, and Town of Leesburg for losses to its boats, trailers, and motors in this collision.

To be sure, the court must ensure it has subject matter jurisdiction over the claims against the county and town. *See* Fed. R. Civ. P. 12(h)(3); *Lowrey v. Tilden*, 948 F.3d 759, 760 (7th Cir. 2020); *Smith*

5

*v. American Gen. Life & Acc. Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). The counterclaim may ride the coattails of Norfolk's claim into federal court. "It generally has been held that persons brought into an action under Rule 13(h) as parties to either a compulsory counterclaim under Rule 13(a) or a cross-claim under Rule 13(g) will come under the ancillary (now supplemental) subject-matter jurisdiction of the court." Wright & Miller, 6 FED. PRAC. & PROC. CIV. § 1436 (3d ed. 2020); *see also State Nat. Ins. Co. Inc. v. Yates*, 391 F.3d 577, 580 n.17 (5th Cir. 2004); *Rayman v. Peoples Sav. Corp.*, 735 F. Supp. 842, 854 (N.D. Ill. 1990). The same would hold true here.

Thus, the procedural train wreck develops here only because the parties dispense with Rules 13(h) and 20(a)(2). *See also Asset Allocation,* 892 F.2d at 574. Smoker Craft then switches gears to say it intends to assert only a direct negligence action against Kosciusko County and the Town of Leesburg, not indemnity or contribution claims; and, were that true within the amended counterclaim, Smoker Craft could properly join these parties under Rule 20(a)(2). This often more permissive option states that a defendant (read counter-defendant) may be joined if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

The parties seem to agree that Smoker Craft could pursue such a direct claim (ECF 54 at 5; ECF 49 at 7), but the problem is Smoker Craft hasn't stated one in its amended counterclaim. It decidedly falls short in its current form, but not for the reasons asserted by Kosciusko County. None of the parties address Rules 13(h) and 20(a)(2)—and particularly at this analytical point why the amended counterclaim (count 5) hasn't met Rule 20(a)(2) or whether it has stated a direct negligence claim against the county under *Twombly*, 550 U.S. at 570. In reply, Kosciusko County merely argues that, if clarified as a direct negligence action, Smoker Craft cannot pursue that claim through a

counterclaim that adds the county as a party. That stance is wrong as a matter of federal procedure. *See* Fed. R. Civ. P. 13(h), 21.

Still, the court cannot ignore the amended counterclaim's substance. Its language unnecessarily confuses Smoker Craft's intent if it is now to assert only a direct negligence claim against the county and town:

> 39.   Upon information and belief Town of Leesburg and/or Kosciusko County have jurisdiction for roadways adjacent the railway right-of-way *wherein Norfolk Southern Railway was negligent* in failing to erect proper signage to alert Smoker Craft's driver to the hazard posed by the high clearance crossing.
>
> 40.   *To the extent Nor[folk] Southern Railway proves Kosciusko County and/or Leesburg's negligence* and/or breach of the standard of workmanship in maintaining and/or constructing the subject roadways adjacent crossing, counterclaimant seeks to recover from said [] nonparties.

ECF 32 (emphases added). Smoker Craft's direct negligence claim against Kosciusko County isn't Norfolk's claim to prove for purposes of this pleading. In addition, as worded, these paragraphs in the amended counterclaim read more like a counterclaim against Norfolk and a derivative pleading based on a contributive theory against Kosciusko County, not a direct action for negligence. The court cannot strike any immaterial language within these paragraphs under Rule 12(f), based on Smoker Craft's concession, to cause them to read as a direct negligence action against Kosciusko County. The restyled counterclaim/third-party complaint (ECF 54-1) proposed by Smoker Craft doesn't cure this problem either. *See* Fed. R. Civ. P. 20(a)(2)(A); *Twombly*, 550 U.S. at 570.

With due regard to the efficient administration of justice, and cognizant that amendments should be freely granted when justice so requires, the court will grant Smoker Craft leave to file a second amended counterclaim so long as it pleads a direct negligence action that arises from this same truck-train accident against Kosciusko County and the Town of Leesburg. *See* Fed. R. Civ. P. 1, 13(h), 15(a)(2), 20(a)(2); *Twombly*, 550 U.S. at 570. This amendment, based on application of proper federal

7

procedure, should include Smoker Craft's original counterclaims against Norfolk and should align Kosciusko County and the Town of Leesburg as counter-defendants (not nonparties).

## CONCLUSION

For these reasons, the court DENIES Kosciusko County's motion to dismiss (ECF 48), and ORDERS Smoker Craft to file a second amended counterclaim that complies with this order by June 17, 2020. The court ALIGNS Kosciusko County and the Town of Leesburg as counter-defendants under Rule 13(h) and DIRECTS the clerk to identify these parties only as counter-defendants on the docket.

SO ORDERED.

June 9, 2020                                          *s/ Damon R. Leichty*
                                                      Judge, United States District Court